

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WANDA J. WINGFIELD, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-453-A |
| | § | |
| CARRINGTON MORTGAGE SERVICES, | § | |
| LLC, C/O BANK OF AMERICA, N.A. | § | |
| AS SUCCESSORS BY MERGER TO BAC | § | |
| HOME LOAN SERVICING, LP FKA | § | |
| COUNTRYWIDE HOME LOANS | § | |
| SERVICING LP, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Carrington Mortgage Services, LLC, to dismiss. Plaintiffs, Wanda J. Wingfield and Willie H. Wingfield, have failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

On May 29, 2015, plaintiffs filed their original petition in the 67th Judicial District Court of Tarrant County, Texas. On June 22, 2015, defendant filed its notice of removal, bringing the action before this court. The court ordered plaintiffs to file an amended complaint, bearing in mind the requirements of

the Federal Rules of Civil Procedure. On July 8, plaintiffs filed their first amended complaint.

In their amended complaint, plaintiffs allege that defendant, as holder of a deed of trust signed by them, was obligated to determine plaintiffs' eligibility for loss mitigation options, including loan modification, and to meet with plaintiffs in person before foreclosing its lien on plaintiffs' home on May 5, 2015. Plaintiffs allege that the foreclosure was conducted in violation of 24 C.F.R. §§ 203.604 and 203.605 and that defendant violated certain unidentified guidelines. They ask the court to set aside the foreclosure sale and grant them "monetary relief of more than $200,000.00 but not more than $1,000,000.00," and an unspecified declaration as to the rights, obligations, and interest of the parties with regard to the real property the subject of the foreclosure.

II.

Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests,"

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of

3

misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679.

III.

Analysis

Plaintiffs' failure to respond to the motion to dismiss may be interpreted as an abandonment of their claims. Black v. North Panola School Dist., 461 F.3d 584, 588, n.1 (5th Cir. 2006). The court is nevertheless considering the merits of the motion.

A. Violation of HUD Regulations

Defendant first addresses plaintiffs' claim that defendant violated certain HUD regulations, 24 C.F.R. §§ 203.604 & 203.605. As defendant points out, the regulations apply only to mortgage loans backed by the Federal Housing Administration. Turnbow v. PNC Mortgage, No. 4:12-CV-2835, 2013 WL 5410075, *4 (S.D. Tex. Sept. 25, 2013). Plaintiffs have not alleged any facts to show that theirs is an FHA loan subject to the regulations. Thus, they have failed to state a claim in this regard. Id. Moreover, and in any event, there is no private right of action for failure to comply with HUD regulations. See Lindsey v. JPMorgan Chase Bank, N.A., No. 3:12-CV-4535-M(BH), 2013 WL 2896897, *7 (N.D. Tex. June 13, 2013); Holloway v. Wells Fargo Bank, N.A., No. 3:12-CV-2184-G(BH), 2013 WL 1187156, *18 (N.D. Tex. Feb. 26, 2013), adopted, 2013 WL 1189215 (N.D. Tex. Mar. 22, 2013).

B.  **Violation of Consumer Financial Protection Bureau Servicing Guidelines**

Defendant next points out that plaintiffs cannot assert a claim for violation of 12 C.F.R. § 1024.41, because that provision states that nothing therein "imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." Further, plaintiffs have not alleged that they submitted a complete application requesting loss mitigation review so as to give rise to any obligation by defendant. 12 C.F.R. § 1024.41(b), (c), & (g).

C.  **Quiet Title and Trespass to Try Title**

The court is not satisfied that plaintiffs have asserted a quiet title or trespass to try title action, although defendant says that their request to set aside the foreclosure might be interpreted as a quiet title claim. A suit to quiet title is an equitable action to clear a valid title against a defendant's invalid claim to the property. Puente v. CitiMortgage, Inc., No. 3:11-CV-2509-N, 2012 WL 433997, *3 (N.D. Tex. Aug. 12, 2012). Trespass to try title is a statutory action with specific pleading requirements. Singha v. BAC Home Loans Servicing, L.P., 564 F. App'x 65, 71 (5th Cir. 2014). In either case, the plaintiff must prove and recover on the strength of his own title, not the weakness of his adversary's. Id.; Summers v.

PennyMac Corp., No. 3:12-CV-1235-L, 2012 WL 5944943, *3 (N.D. Tex. Nov. 28, 2012).

Here, plaintiffs do not allege facts that, if proved, would establish their superior right to title to the property. For one thing, plaintiffs have not pleaded that they tendered the amount due on the note. Cook-Bell v. Mortgage Electronic Registration Sys., Inc., 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012); Jasper State Bank v. Braswell, 111 S.W.2d 1079, 1083 (Tex. 1938). For another, they have not pleaded that their interest in the property is superior to that of defendant. Morlock. L.L.C. v. MetLife Home Loans, L.L.C., 539 F. App'x 631, 633 (5th Cir. 2013); Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist.] 2009, pet. denied).

D.   Wrongful Foreclosure

To state a claim for wrongful foreclosure, plaintiffs must allege (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate sales price, and (3) a causal connection between the defect and the grossly inadequate sales price. Sauceda v. GMAC Mortgage Corp., 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008, no pet.). Plaintiffs have not alleged facts to support any of these elements and have not stated a claim for wrongful foreclosure. Brackens v. Ocwen Loan Servicing,

L.L.C., No. 3:13-CV-3458-L, 2015 WL 1808541, *3-4 (N.D. Tex. Apr. 21, 2015).

E. <u>Declaratory Relief</u>

Because plaintiffs' substantive claims are being dismissed for failure to state a claim upon which relief can be granted, they are not entitled to a declaratory judgment based on those claims; nor are they entitled to injunctive relief. <u>DSC Communications Corp. V. DGI Techs., Inc.</u>, 81 F.3d 597, 600 (5th Cir. 1996); <u>Marsh v. JPMorgan Chase Bank, N.A.</u>, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012).

IV.

Order

For the reasons discussed herein,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiffs' claims in this action be, and are hereby, dismissed with prejudice.

SIGNED August 13, 2015.

_____
JOHN McBRYDE
United States District Judge